UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS FELIX GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 24-cv-04037-VC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 25 |

  The motion for summary judgment is granted. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

  The motion is granted because the renewal packet unambiguously asked Garcia to disclose "all household members age 14 or older . . . whether or not they drive." It also said that no response was required if the information it listed was accurate, but that it did need to be returned if the information was inaccurate. So because the packet did not list Garcia's other household members, he was required to update and return it. That he did not do so effectively constituted an affirmative statement that he lived with no such people. Because this statement was not true, and that information was material to Integon's underwriting decisions, Integon was entitled to rescind the policy to the date of its renewal.

  Garcia's counterarguments do not change this conclusion. Even though the renewal packet was not clear about whether that information was supposed to be put in the table provided, it still asked unambiguously for all household members over the age of 14, whether or not they drove. And the packet encouraged its recipient to call with any questions. It is therefore not possible to reasonably interpret the packet as not asking for that information, and the packet was not ambiguous in that regard. *See Waller v. Truck Insurance Exchange*, 11 Cal. 4th 1, 18 (1995) (contract is ambiguous if it is capable of multiple reasonable interpretations). Separately,

the renewal of an insurance policy is "a new contract of insurance as regards the requirements" of contract formation. *See Borders v. Great Falls Yosemite Insurance Co.*, 72 Cal. App. 3d 86, 94 (1977). So even though the initial application was highly ambiguous, it cannot be considered alongside the renewal packet so as to render the renewal packet ambiguous. *See* Witkin Summary of California Law § 770.

But make no mistake: This ruling is not an endorsement of Integon's business practices. It does not seem like Integon intentionally designed its application and renewal packet to confuse its policyholders into inadvertently omitting material information. But what seems clear is that Integon knows that its application has this effect. The array of California state cases it cited in its motion for summary judgment indicates as much. And yet it refuses to clarify its application language to ensure that the people filling it out aren't confused. Instead, it takes their money and purports to offer them insurance, then wastes no time rescinding that insurance as soon as the policyholder needs it. If this Court sees Integon again, it will not hesitate to conclude that Integon's refusal to clarify its application language provides enough evidence for a reasonable jury to conclude that it acted in bad faith—and not just in bad faith, but with the sort of malice, fraud, or oppression necessary to justify an award of punitive damages. *Cf. Gonzalez v. CVS Health Corp.*, 2025 WL 1304018, at *2 (N.D. Cal. May 6, 2025) (noting that, if defendant "continues to use these unconscionable provisions [in its employment agreements], they will have a difficult time arguing that the contracts are enforceable in the future"). Integon Preferred is also hereby referred to the California Department of Insurance to determine whether it is violating its obligations under California law by continuing to use ambiguous language in its applications despite being on clear notice that the language was confusing people into making material omissions.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
VINCE CHHABRIA
United States District Judge